UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARINDER JEET SINGH,

                Plaintiff,

v.

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,

                Defendant.

23-CV-09846 (JAV)

**ORDER**

JEANNETTE A. VARGAS, United States District Judge:

The Court is in receipt of the parties' joint status letter. ECF No. 39. In that letter, *pro se* Plaintiff indicated his intent to file a motion to compel discovery from the Defendant and a third party. *Id*. Defendant opposes on the ground that the deadline for fact discovery has passed.

The deadline for the completion of fact discovery in this case was March 31, 2025. On December 23, 2025, the Court granted an extension of the fact discovery deadline, and in doing so, cautioned the parties that the Court was unlikely to grant any further extensions. ECF No. 35.

Plaintiff contends that, because the relevant discovery demands were served prior to the deadline for fact discovery, he can therefore still file a motion to compel if he is not satisfied with the responses he received. ECF No. 39. That is not the case. A motion to compel must be brought during the time period the Court has set for conducting fact discovery.

A party seeking to move to compel after the deadline for discovery has passed must demonstrate good cause to modify the discovery schedule entered by the Court to reopen discovery. *See, e.g.*, *Zelaya v. Tutor Perini Corp.*, No. 16-CV-272 (AJN), 2017 WL 4712421, at *3 (S.D.N.Y. Sept. 28, 2017); *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139

(S.D.N.Y. 2011). "In determining whether good cause exists, courts consider six factors: (1) the imminence of trial; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *United States v. Prevezon Holdings, Ltd.*, 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017).

Plaintiff may file a motion to reopen discovery for the purpose of pursuing motions to compel by no later than April 29, 2025. This motion should address the above six factors, with particular emphasis on Plaintiff's diligence in pursuing discovery and the likelihood that the motion to compel will lead to the production of relevant evidence. Defendant's opposition to the motion shall be due May 13, 2025. Plaintiff's reply shall be due May 20, 2025.

Dated: April 15, 2025
      New York, New York

                                        JEANNETTE A. VARGAS
                                        United States District Judge